IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**DARNELL TIPTON, # N-31614,**

        **Plaintiff,**

**vs.**                                                        Case No. 18-cv-1519-MJR

**J. LASHBROOK,**

        **Defendant.**

## MEMORANDUM AND ORDER

**REAGAN, Chief Judge:**

Plaintiff Darnell Tipton, who is currently incarcerated at Menard Correctional Center ("Menard"), brings this action pursuant to 42 U.S.C. § 1983. This matter is now before the Court on Plaintiff's Motion for Leave to Proceed *in forma pauperis* ("IFP Motion"). (Doc. 2).

## Discussion

Plaintiff has brought a civil rights action pursuant to 42 U.S.C. § 1983. (Doc. 1). Plaintiff also seeks leave to proceed *in forma* pauperis ("IFP") (Doc. 2), but he readily admits that he is barred by the three strikes provision (Doc. 1, p. 4). *See* 28 U.S.C. § 1915(g). Review of documents filed on the Public Access to Court Electronic Records ("PACER ")[1] website (www.pacer.gov) confirms that Plaintiff "struck out" years ago by filing more than three cases that were dismissed as frivolous, malicious or for failure to state a claim. *See Tipton v. Roth*, No. 91-cv-4085 (N.D. Ill. Aug. 5, 1991); *Tipton v. O'Malley*, No. 93-cv-6313 (N.D. Ill. Nov. 23, 1993); *Tipton v. King*, No. 09-cv-0047 (N.D. Ill. March 9, 2009). Accordingly, Plaintiff cannot proceed IFP unless he is under imminent danger of serious physical injury. *See* 28 U.S.C. §

---

[1] Court documents are public records, and the Court can take judicial notice of them. *See Henson v. CSC Credit Servs.*, 29 F.3d 280, 284 (7th Cir. 1994).

1915(g). For the reasons set forth below, Plaintiff has not demonstrated that he is in imminent danger of serious physical injury.

The Complaint brings claims pertaining to the conditions of confinement at Menard, as well as due process and religious freedom claims. (Doc. 1, pp. 9-13). After filing his Complaint, Plaintiff filed several additional pleadings in an effort to submit exhibits and repeat or expand on his Complaint. (*See* Docs. 4, 5, 8, and 9). As the Court understands his rambling pleadings, Plaintiff is attempting to bring claims under the Eighth, Fourteenth, and First Amendments. Specifically, Plaintiff objects to the conditions in "R & C Receiving."[2] Plaintiff claims that this section of Menard is "nasty," "smells very bad," has "open toilets" and a pest infestation. (Doc. 1, pp. 9-10). He also objects to conditions at Menard's chapel, suggesting the conditions are interfering with his First Amendment rights. (Doc. 1, p. 11). Finally, Plaintiff references his right to various privileges (e.g. phone calls, yard, running water in his cell) and suggests that his due process rights are somehow being violated in connection with these privileges. *Id.*

These allegations do not come close to showing that Plaintiff is in imminent danger of physical injury. *See Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003) (imminent danger requires a "real and proximate" threat); *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir.2002) (the threat must be real and proximate, and the potential consequence must be serious physical injury). The Court concludes that Plaintiff has not established imminent danger sufficient to overcome the three-strikes bar. Accordingly, Plaintiff's IFP Motion shall be denied.

---

[2] Plaintiff indicates that he was previously housed in a high security section of Menard. (Doc. 1, p. 9). While in that location, he requested and was denied protective custody. *Id.* Plaintiff does not explain why he requested protective custody. He merely states that a sympathetic official eventually "step[ped] up" and transferred him out of "that high security cell." *Id.*

**<u>Disposition</u>**

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Proceed *in Forma Pauperis* (Doc. 2) is **DENIED**.

**IT IS ORDERED** that Plaintiff shall pay the full filing fee of $400.00 for this action within **twenty-one (21) days** of the date of entry of this Order (on or before **October 12, 2018**). If Plaintiff fails to comply with this Order in the time allotted by the Court, this case will be dismissed for failure to comply with a court order and/or for failure to prosecute this action. *See* FED. R. CIV. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051, 1056-57 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466, 468 (7th Cir. 1994).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk and each opposing party informed of any change in his address, and that the Court will not independently investigate his whereabouts. This shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents, and may result in a dismissal of this action for want of prosecution.

**IT IS SO ORDERED.**

**DATED: September 21, 2018**

s/ MICHAEL J. REAGAN
Chief Judge
United States District Court
